UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Thang Cung | ) |
| | ) Civil Action Number: |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Jury Trial Demanded |
| RAINTUNG ENTERPRISE INC., a | ) |
| Domestic Profit Corporation | ) |
| | ) |
| Defendant. | ) |

**FAIR LABOR STANDARDS OVERTIME COMPLAINT**

COMES NOW Plaintiff Thang Cung (hereinafter "Plaintiff") by and through his undersigned counsel, and files this lawsuit against Defendant Raintung Enterprise, Inc. (hereinafter "Raintung" or "Defendant") pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

**INTRODUCTION**

1. The instant action arises from Defendant's violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), to remedy violations of the minimum wage and overtime provisions of the FLSA by Defendant which have deprived Plaintiff of his lawful minimum wage and overtime wages.

2. Defendant employed Plaintiff as a worker at its restaurant, named Mulan, located at 1195 Fairburn Road SW STE 100 Atlanta, Georgia 30331 ("Defendant's Location").

3. During the employment of Plaintiff, Defendant committed violations of the FLSA by failing to compensate Plaintiff at the legally appropriate minimum wage for hours worked and overtime wage rate for hours worked in excess of forty hours in a given workweek.

4. Plaintiff seeks minimum wage and overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA).

6. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (b) and (c) because a substantial part of events or omissions giving rise to the claims occurred within the jurisdiction of this Court and because Defendant is subject to personal jurisdiction in this District.

## PARTIES

7. Plaintiff resides in Clarkston, DeKalb County, Georgia (within this District).

8. At all times material to this action, Plaintiff was an "employee" of Defendant defined by § 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States.

9. Plaintiff is further covered by §§ 203, 206, and 207 of the FLSA for the period in which he was employed by Defendant.

10. Defendant conducts business within this State and District.

11. Defendant is a Domestic Profit Corporation formed under the laws of the State of Georgia.

12. Defendant is located within this District with its principal offices at 1195 FAIRBURN RD. SW #100, ATLANTA, GA, 30331.

13. Defendant is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, IVAN RAINTUNG 3835 GRIFFIN TRAIL WAY, CUMMING, GA, 30041.

14. Defendant maintained either actual or constructive control, oversight and direction of Defendant's business, including the employment and pay and other practices of those operations of Defendant.

15. At all times material to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

16. At all times material to this action, Defendant was an "employer" of Plaintiff as defined by § 203(d) of the FLSA.

17. The minimum wage provisions set forth in § 206 of the FLSA apply to Defendant.

18. The overtime provisions set forth in § 207 of the FLSA apply to Defendant.

## FACTUAL ALLEGATIONS

19. Defendant owns and operates the Mulan Asian Cuisine restaurant located at 1195 Fairburn Road SW STE 100 Atlanta, Georgia 30331.

20. Defendant employed Plaintiff as a worker at its Mulan Asian Cuisine restaurant from on or about September 28, 2021 thru on or about November 2, 2021.

21. Defendant compensated Plaintiff on an hourly basis.

22. Defendant required Plaintiff to regularly work in excess of forty hours per week.

23. At all times relevant to this action, Defendant did not compensate Plaintiff for hours worked at an hourly wage rate of at least the minimum required by federal law.

24. At all times relevant to this action, Defendant did not compensate Plaintiff for hours worked in excess of forty hours per week at a rate not less than one and one-half times the minimum wage rate required by federal law under 29 U.S.C. §§ 203 and 207.

25. Defendant failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §§ 207 or 213 with respect to Plaintiff.

26. Defendant failed to meet the requirements for paying Plaintiff at a rate not less than one and one-half times the regular rate at which he was required to be paid under federal law for all hours worked over 40 in a workweek.

27. Plaintiff is entitled to compensation for any and all time worked at the rate of at least the minimum wage at which he was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 206.

28. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

29. As a result of Defendant's failure to act with good faith in compensating Plaintiff, he is entitled to liquidated damages.

30. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

31. Plaintiff demands a jury trial.

## COUNT I

32. Plaintiff repeats and incorporates by reference all preceding Paragraphs herein.

33. By its actions alleged herein, Defendant willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations as detailed herein, by failing to properly pay minimum wage compensation to Plaintiff in accordance with §§ 203, and 206 of the FLSA.

34. Defendant has not made a good faith effort to comply with the FLSA with respect to its minimum wage compensation of Plaintiff.

35. As a result of Defendant's violations of the FLSA, Plaintiff has suffered damages by failing to receive minimum compensation in accordance with §§ 203, and 206 of the FLSA.

36. As a result of the unlawful acts of Defendant, Plaintiff has been deprived minimum wage compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, costs, attorneys' fees, and other relief.

## COUNT II

37. Plaintiff repeats and incorporates by reference all preceding Paragraphs herein.

38. By its actions alleged herein, Defendant willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations as detailed herein, by failing to properly pay overtime wage compensation to Plaintiff in accordance with §§ 203, and 207 of the FLSA.

39. Defendant has not made a good faith effort to comply with the FLSA with respect to its overtime wage compensation of Plaintiff.

40. As a result of Defendant's violations of the FLSA, Plaintiff has suffered damages by failing to receive overtime compensation in accordance with §§ 203, and 207 of the FLSA.

41. As a result of the unlawful acts of Defendant, Plaintiff has been deprived overtime wage compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, costs, attorneys' fees, and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff , pursuant to § 216(b) of the FLSA, pray for the following relief:

A. That Plaintiff be awarded damages in the amount of his unpaid compensation, plus an equal amount of liquidated damages;

B. That Plaintiff be awarded reasonable attorneys' fees;

C. That Plaintiff be awarded the costs and expenses of this action; and

D. That Plaintiff be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which she may be entitled.

Respectfully submitted this 18th day of November, 2021.

MARTIN & MARTIN, LLP

By: */s/ Thomas F. Martin*

Thomas F. Martin
tfmartinlaw@msn.com
Georgia Bar No. 482595
Kimberly N. Martin
kimberlymartinlaw@gmail.com
Georgia Bar No. 473410
MARTIN & MARTIN, LLP
Post Office Box 1070
Tucker, Georgia 30085
(770) 344-7267